■ ALLAN A. SUGARMAN, Respondent-Appellant, v. DAVID WEISZ et al., Appellants-Respondents, and E. STANLEY KLEEMAN, Respondent.— Interlocutory order and judgment (one paper), entered on November 20, 1969, unanimously modified on the law and on the facts to the extent of deleting therefrom those portions ordering relief to plaintiff, and otherwise affirmed, with $50 costs and disbursements to defendants-appellants-respondents. The trial court having correctly found that the plaintiff had failed to prove the existence of an over-all joint venture, and there being no fiduciary relationship between the parties, it was error to direct an accounting. (*Bradkin* v. *Leverton*, 26 N Y 2d 192, 199 n. 4; *Kaminsky* v. *Kahn*, 20 N Y 2d 573, 582; *Matter of Steinbeck* v. *Gerosa*, 4 N Y 2d 302, 317–318.) In addition, the statements and payments received and accepted by plaintiff clearly spell out an account stated, barring all of plaintiff's claims. As to the 6th, 18th and 21st causes of action, which were referred to a Referee for the purpose of inquiring into and fixing fees, they, too, are barred, not only for the reasons already above stated, but for the further reason that they do not meet the requirements of the Statute of Frauds (General Obligations Law, § 5–701, subd. 10.) Concur — Capozzoli, J. P., McGivern, Markewich and Tilzer, JJ.

■ JACK SORMAN, Respondent, v. MISS ELLIETTE, INC., Appellant, et al., Defendant.— Order entered December 11, 1969, denying the motion by defendant, Miss Elliette, Inc., to vacate a default judgment entered against said defendant, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs and without disbursements and the application to open the default is remanded to Trial Term, Part I to "be heard and determined by the justice who presided in the calendar part at the time the cause was assigned" (See Rules of Supreme Court, New York and Bronx Counties, § 660.5, subd. [c], par. [3], cl. [i]; 22 NYCRR 660.5 [c] [3] [i]). Upon such renewed application, movant should submit a further affidavit of merit, and may submit any other affidavits, if so advised. In *Hahn* v. *Binder* (33 A D 2d 903) this court called attention to the Rules of Supreme Court, New York and Bronx Counties, above cited, and the necessity of complying with them even when a case has been assigned to a "blockbuster" part. Consequently, the application to open the default herein should have been decided by the Justice who presided in the calendar part at the time the cause was assigned. In reversing and remanding we do not indicate any view as to the merits of the application. Concur — McGivern, J. P., Markewich, Steuer and Bastow, JJ.